The Honorable Peter D. Kinder Senator, District 27 State Capitol Building, Room 328 Jefferson City, Missouri 65101
Dear Senator Kinder:
This opinion is in response to your question asking:
 May the Southeast Missouri Regional Port Authority, a political subdivision of the State of Missouri established under Chapter 68, RSMo, organize and wholly own a for-profit or not-for-profit Missouri corporation for the purpose of owning railroad right-of-way and tracks adjoining its Mississippi River port facility and operating railroad switching equipment (either owned, leased, or subcontracted to others) in order to assist tenants, owners, and shippers in moving railroad cars into the port facility from mainline railroad tracks, all in furtherance of the Port's statutory purposes and authorities?
Article VI, Section 23 of the Missouri Constitution provides:
 Section 23. Limitation on ownership of corporate stock, use of credit and grants of public funds by local governments. No county, city or other political corporation or subdivision of the state shall own or subscribe for stock in any corporation or association, or lend its credit or grant public money or thing of value to or in aid of any corporation, association or individual, except as provided in this constitution. [Emphasis added.]
The prohibition on stock ownership set forth in Article VI, Section 23 raises concern whether a port authority can own stock such as described in your question.
In State ex rel. Wagner v. St. Louis County PortAuthority, 604 S.W.2d 592 (Mo. banc 1980), the Missouri Supreme Court considered whether a port authority is a political subdivision for purposes of Article VI, Section 26 of the Missouri Constitution. Article VI, Section 26 in describing to who it applies contains the same language as that in Article VI, Section 23, ". . . other political corporation or subdivision of the state." In concluding a port authority is not included within such phrase, the court looked to the definition of "other political subdivision" in Article X, Section 15 of the Missouri Constitution. Such section provides:
 Section 15. Definition of "other political subdivision". The term "other political subdivision," as used in this article, shall be construed to include townships, cities, towns, villages, school, road, drainage, sewer and levee districts and any other public subdivision, public corporation or public quasi-corporation having the power to tax.
Because a port authority does not have the power to tax, a port authority is not included in such definition. With regard to the possible concern that such definition was only intended for use in defining the term "other political subdivision" for purposes of Article X, the court stated:
 5. The definition of "other political subdivision" in art. X, § 15 includes the term as used in that article. No other definition for "political subdivision" appears in the constitution. After reviewing the constitutional debates of 1875 and 1945, we find no evidence to indicate that the framers intended the phrase "political subdivision" to be defined and used differently in different articles. The apparent purpose of finally including a definition was to give the courts, which previously had defined the term in a variety of ways, some guidance as to the framer's intentions.
Id. at 604. Therefore, the court applied the definition of "other political subdivision" in Article X, Section 15 to the term as used in Article VI, Section 26. The court stated:
 Although it is true that the General Assembly denominated every port authority as a political subdivision, we are compelled to apply the constitutional definition of political subdivision found in art. X, § 15 in determining whether an entity is entitled to the exemption of § 6.
 The Missouri Constitution lists several entities that shall be considered political subdivisions and completing the list is "any other public subdivision, public corporation of public quasi-corporation having the power to tax." In keeping with this language, this Court has determined that an authority without the power to tax does not fall within the definition of § 15 and therefore is not a political subdivision. Menorah Medical Center, supra, at 81. The legislature's use of the phrase "political subdivisions" in reference to port authorities does not operate to bring them within the constitutional definition. [Emphasis in original.]
Id. at 604-605. The court concluded that "a port authority is not a political subdivision" as the term is used in Article VI, Section 26. Id. at 604.
Although the Missouri General Assembly in Section 68.010, RSMo 1986, characterizes a port authority as a political subdivision of the state, the Missouri Supreme Court has concluded a port authority is not a political subdivision for purposes of Article VI, Section 26. The applicable language in Article VI, Section 26 is the same as the applicable language in Article VI, Section 23. Based on State ex rel. Wagner v. St.Louis County Port Authority, supra, we conclude that Article VI, Section 23 of the Missouri Constitution does not prohibit a port authority organized under Chapter 68, RSMo, from owning all of the stock of a corporation.
The next issue for consideration is the authority of a port authority to own and operate a railroad such as you describe in your question. Section 68.025, RSMo Supp. 1992, setting out powers of a port authority, includes:
 68.025. Powers of port authority. — 1. Every local and regional port authority, approved as a political subdivision of the state, shall have the following powers to:
* * *
 (11) Acquire, own, construct, lease, and maintain recreational facilities, industrial parks, industrial facilities, and terminals, terminal facilities, warehouses and any other type port facility;
 (12) Acquire, own, lease, sell or otherwise dispose of interest in and to real property and improvements situate thereon and in personal property necessary to fulfill the purposes of the port authority;
 (13) Acquire rights-of-way and property of any kind or nature within its port districts necessary for its purposes. Every port authority shall have the right and power to acquire the same by purchase, negotiation, or by condemnation, and should it elect to exercise the right of eminent domain, condemnation proceedings shall be maintained by and in the name of the port authority, and it may proceed in the manner provided by the laws of this state for any county or municipality. The power of eminent domain shall not apply to property actively being used in relation to or in conjunction with river trade or commerce, unless such use is by a port authority pursuant to a lease in which event the power of eminent domain shall apply;
* * *
 2. When private operators are not interested or available, the port authority shall have the power to operate a recreational facility, industrial parks, and terminals, and terminal facilities, warehouses and any other type port facility for a period not to exceed five years, after which the facility shall again be offered for competitive bids for private operation. In the event that such bids are not responsive, the port authority shall submit these bids to the highways and transportation commission for review. In the event that the commission concurs, the port authority may petition the commission, at least nine months before the expiration of the operating provision, to extend the provision for one additional period not to exceed five years.
We have not been provided specific information regarding the proposed operation of the railroad. However, as long as the operation of the railroad is consistent with the statutory powers of the port authority, we conclude the port authority is authorized to own all of the stock of the corporation operating the railroad.
CONCLUSION
It is the opinion of this office that Article VI, Section 23 of the Missouri Constitution does not prohibit a port authority organized under Chapter 68, RSMo, from owning all of the stock of a corporation which operates a railroad consistent with the statutory powers of a port authority.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General